NORTH AMERICAN AVIATION, INC., PETITIONER, *v.* RENEGOTIATION BOARD, RESPONDENT.

Docket Nos. 956–R, 980–R. Filed June 27, 1961.

*Charles Pickett, Esq.,* and *Melvin D. Goodman, Esq.,* for the petitioner.
*James H. Prentice, Esq.,* and *Harland F. Leathers, Esq.,* for the respondent.

OPINION.

MURDOCK, *Judge:* These proceedings were consolidated for trial set for October 3, 1960, in Los Angeles, California, and on September 28, 1960, M. Dean Davis was designated to act as commissioner in the proceedings, pursuant to authority granted in section 7456 of the Internal Revenue Code of 1954. Commissioner Davis took action during the course of the trial in regard to several subpoenas. The respondent filed a motion on May 19, 1961, asking the Court to enter an order vacating a March 8, 1961, order of Commissioner Davis granting the petitioner's motion to quash a subpoena *duces tecum* served on the petitioner's president on March 7, 1961, and to enter an order setting a date for further hearing in these proceedings. Counsel for both parties were heard on that motion on June 14, 1961, and due consideration has been given to the contentions of the parties in the light of the record as it now exists.

The Court has been authorized to use, and has made considerable use of, commissioners for a number of years. See Rule 48 of the Court's Rules of Practice which has appeared in the publication of those rules since July 1, 1944. Paragraph (b) thereof provides:

The commissioner shall conduct the hearing in such case in accordance with the Court's Rules of Practice. He shall rule upon objections and other evidentiary matters in accordance with the rules of evidence as provided in section 7453, and shall exercise such further and incidental authority, including the issuance of subpoenas, as may be necessary for the conduct of the hearing.

The trial of the present cases before Commissioner Davis consumed a number of weeks and the transcript of that proceeding consists of 4521 pages. The commissioner, during the course of that long trial, was called upon to make, and made, numerous rulings in regard to evidence and other matters properly within his authority, including the subpoena here in question. It was not contemplated that in the use of commissioners, appeals from rulings of a commissioner made during the course of the trial would be taken to a Judge of the Court before the commissioner had completed his assigned task. Obviously, such a practice would not only be impractical but could substantially nullify the reason for using commissioners, if not destroy their usefulness.

Clearly the Chief Judge has no authority to review any ruling made by a Judge during the course of a trial. Rulings on evidence are necessarily a function and responsibility of the Judge conducting the trial and, except perhaps in cases of clear error, his judgment and discretion would not be questioned, even by the Court as a whole. The Court feels that the ruling on evidence and other rulings by a commissioner required during the course of a trial should likewise be left to his discretion and judgment, at least until his work is completed and the case is assigned to a Judge. The procedures provided in Rule 48 are adequate to take care of the rights of the parties. The commissioner in this case has not completed his duties and functions and the Court will not, at this stage of the proceeding, review a ruling which he was authorized to make during the course of the trial.

The Court is fully aware of the importance of the matter before it and, since it has never published its views on such a motion, it has investigated this matter rather thoroughly, to learn just what the situation in this case is. The commissioner made his ruling in the light of what had come to his attention in the course of this long trial. He gave due consideration to many circumstances of which he was peculiarly aware, some of which were brought out by counsel for the parties at the hearing on the present motion. The action of the commissioner was in no way arbitrary, capricious, or ill-considered, and even if a review of that ruling were necessary at this stage of the proceeding, the Court would not be disposed to disturb it. The motion has been denied.